UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN PORTER,

        Petitioner,

v.                                             Case Number: 18-12273
                                                     HONORABLE AVERN COHN

CATHERINE S. BAUMAN,[1]

        Respondent.
_____/

# MEMORANDUM AND ORDER
# GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 5)
# AND DENYING A CERTIFICATE OF APPEALABILITY

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Kevin Porter (Petitioner) filed a petition for a writ of habeas corpus challenging his convictions for armed robbery, conspiracy to commit armed robbery, assault with intent to rob while armed, first-degree home invasion, and four counts of possession of a firearm during the commission of a felony. Respondent, through the Attorney General's office, filed a motion to dismiss, arguing that the petition is untimely. For the reasons which follow, the motion will be granted.

## II. Background

Petitioner pleaded no contest to armed robbery, conspiracy to commit armed

---

[1] The proper respondent in a habeas case is the state officer having custody of Petitioner. See Rule 2, Rules Governing Section 2254 Cases. Petitioner is currently housed at the Newberry Correctional Facility. The warden of that facility is Catherine S. Bauman. The case caption is amended to reflect Catherine S. Bauman as Respondent.

robbery, assault with intent to rob while armed, first-degree home invasion, and four counts of possession of a firearm during the commission of a felony. On February 24, 2010, he was sentenced in Oakland County Circuit court to concurrent sentences of 12 to 30 years for armed robbery, conspiracy to commit armed robbery, and assault with intent to commit armed robbery, and 12 to 20 years for first-degree home invasion, to be served concurrently to 2 years for each of the felony-firearm convictions (the felony-firearm sentences to run concurrently with one another).

Petitioner sought and was denied leave to appeal in the Michigan Court of Appeals, People v. Porter, No. 302425 (Mich. Ct. App. March 7, 2011); and Michigan Supreme Court. People v. Porter, 489 Mich. 993 (Mich. July 25, 2011).

On September 14, 2012, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied on December 12, 2012. See 12/12/12 Order, ECF No. 6-9. The Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's decision, People v. Porter, No. 316446 (Mich. Ct. App. Feb. 21, 2014), as did the Michigan Supreme Court. People v. Porter, 497 Mich. 919 (Mich. Nov. 26, 2014).

Petitioner filed a second motion for relief from judgment in the trial court on February 8, 2016. The trial court struck the motion as improperly filed because it was a successive motion for relief from judgment not based upon a retroactive change in law or newly discovered evidence. See 3/8/16 Order, ECF No. 6-13.

On May 26, 2016, Petitioner filed a third motion for relief from judgment. The trial court found the motion barred under Mich. Ct. R. 6.502(G)(2). See 8/9/16 Order, ECF No. 6-16. Petitioner filed a delayed application for leave to appeal in the Michigan Court

of Appeals. The Michigan Court of Appeals denied leave to appeal. People v. Porter, No. 336888 (Mich. Ct. App. May 26, 2017). The Michigan Supreme Court also denied leave to appeal. People v. Porter, 501 Mich. 1059 (Mich. May 1, 2018).

Petitioner filed the pending habeas petition on July 20, 2018.

### III. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Under 28 U.S.C. § 2254(d), a prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).

Here, the Michigan Supreme Court denied Petitioner's application for leave to appeal on July 25, 2011. Because Petitioner did not petition for a writ of certiorari with the United States Supreme Court, his conviction became final on October 23, 2011, when the time period for seeking certiorari expired. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The limitations period commenced on October 24, 2011, and continued to run until Petitioner filed a motion for relief from judgment in the trial court on September 14, 2012. The motion for relief from judgment tolled the limitations period with 39 days remaining. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the

3

pertinent judgment or claim is pending shall not be counted toward any period of limitation...."). The limitations period continued to be tolled until November 26, 2014, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. The limitations period resumed on November 27, 2014, and expired thirty-nine days later, on January 4, 2015.

Petitioner contends that his petition is timely because it was filed within one year after the Michigan Supreme Court denied Petitioner leave to appeal the denial of his third motion for relief from judgment. Petitioner is mistaken. A properly-filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006). The petition, therefore, was untimely.

Petitioner alternatively says that the Court should equitably toll the limitations period. The one-year limitations period is not a jurisdictional bar and may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A petitioner bears the burden of demonstrating entitlement to equitable tolling. Keeling v. Warden, Lebanon Correctional Inst., 673 F.3d 452, 462 (6th Cir. 2012) (citation omitted).

Petitioner argues that he is entitled to equitable tolling of the limitations period because: counsel was not appointed for him and he could not afford to retain counsel; he was unaware of the filing deadline; he lacked a formal legal education; and some of his legal materials were stolen or lost during his incarceration. None of these

4

arguments warrants equitable tolling.

The unavailability of transcripts and other documents, or the delay in obtaining them, is not a circumstance which justifies equitable tolling of a limitations period. See Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 750-51 (6th Cir. 2011) (citing cases). Petitioner's pro se status and ignorance of and lack of training in the law are also insufficient to warrant equitable tolling. Keeling, 673 F.3d at 464 (pro se status is not an extraordinary circumstance); Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling). Petitioner fails to satisfy the equitable tolling requirements under Holland. His petition was not timely filed.

## IV. Conclusion

For the reasons stated above, Respondent's motion to dismiss is GRANTED. The petition is DISMISSED.

Further because jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: 8/16/2019
    Detroit, Michigan